UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUVENIA ELVERTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-cv-02394 |
| | ) | |
| AFNI, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u>. |

## COMPLAINT

Plaintiff, Luvenia Elverton, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false representations and false threats.

4. Defendant sent a collection letter to Plaintiff that falsely threated Plaintiff that she could not reactivate her television services unless she paid an alleged debt in full.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Luvenia Elverton ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted DIRECTV consumer account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant AFNI, Inc., ("AFNI") is an Illinois corporation that does or transacts business in Illinois. Its registered agent and office is Gregory J Donovan, 404 Brock Drive, Bloomington, Illinois 61701. (Exhibit A, Record from Illinois Secretary of State).

8. AFNI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. AFNI holds a collection agency license from the State of Illinois and is a Licensed Collection Agency, and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. AFNI is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred a debt, used for personal, family or household purposes, allegedly owed for a DIRECTV consumer account ("alleged debt"). The alleged debt is, thus, a "debt" as that term is defined in § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff was unable to pay the alleged debt and it went into default.

13. AFNI was subsequently assigned the alleged debt for collection.

14. On or about April 26, 2016, Defendant mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and a balance.

16. The Letter was thus a communication as that term is defined at § 1692a(2) of the FDCPA.

17. The Letter offered Plaintiff a settlement if she paid the alleged debt, discounting the amount due by $60.43.

18. However, the Letter went on to state in relevant part:

> **If you would like to reactivate DIRECTV services, the remaining balance must be paid in full.**

19. Plaintiff believed, and the unsophisticated consumer would believe, that the only way to reactivate her DIRECTV services would be to pay the full balance on the account.

20. DIRECTV would reactivate Plaintiff's services even if Plaintiff paid the amount offered in settlement.

21. On information and belief, it is the pattern and practice of DIRECTV to offer services to consumers who have previous bills resolved for less than the total amount due.

22. Thus, Defendant's threat was a false threat.

23. Defendant made this false threat in an attempt to coerce Plaintiff into paying the full balance on the alleged debt.

24. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

25.     AFNI misrepresented the status of an alleged debt and threated an action its client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it stated that DIRECTV would not permit Plaintiff to reactivate service if she did not pay an alleged debt in full.

26.     15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

27.     AFNI used unfair means to attempt to collect a debt, in violation of 15 U.S.C. 1692f, when it stated that DIRECTV would not permit Plaintiff to reactivate service if she did not pay an alleged debt in full.

28.     Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, AFNI's misrepresentation that payment in full was required if Plaintiff ever wanted DIRECTV could cause Plaintiff to feel she had to pay the amount due in full rather than the amount being offered in settlement.

29. AFNI's false statement is made to support a two-tiered collection effort. The first tier is aimed at lower income consumers who cannot afford to pay in full, and who may instead accept the settlement amount to resolve the alleged debt. The second tier is aimed at consumers who have gotten back on their feet, and will pay in full so as to have access to DIRECTV services in the future.

30. The use of false statements in either situation is prohibited by the Fair Debt Collection Practices Act.

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, e.g., Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

32. AFNI misrepresented the status of an alleged debt and threated an action its client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it stated that DIRECTV would not permit Plaintiff to reactivate service if she did not pay an alleged debt in full.

33. AFNI used unfair means to attempt to collect a debt, in violation of 15 U.S.C. 1692f, when it stated that DIRECTV would not permit Plaintiff to reactivate service if she did not pay an alleged debt in full.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

      A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      C.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha J. Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com